■ MARVIN R. DYE et al., as Trustees for Bondholders under a Certain Instrument of Trust with STANDARD ROCHESTER BREWING CO., INC., Respondents, v. AARON LEWIS et al., Defendants, and HESS OIL AND CHEMICAL CORPORATION, Appellant.— Order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to appellant. Memorandum: The defendant Hess Oil & Chemical Corporation is an assignee of a lease executed by Myron Lewis, Ephraim Lewis, Aaron Lewis, doing business as 440 Enterprises and Thriftway Oil & Gas Company, Inc., for certain premises which were subject to the mortgage in favor of bondholders for which plaintiffs are trustees and which they seek to foreclose. Defendant's first, second and third affirmative defenses alleged in its answer were properly dismissed by Special Term. However, as we have previously held in *Dye* v. *Lewis* (39 A D 2d 828), the sale to the Lewises consented to by the predecessor-trustees of the instant plaintiffs and the Rochester Standard Brewing Company, Inc., as seller, was on its face a valid sale and worked a release of the mortgage providing the payment of the purchase price of $175,000 was completed. It is of no consequence whether the payments by Rochester Standard Brewing Company, Inc. to the bondholders are in default with respect to foreclosure of the mortgage on the subject premises, since, assuming the validity of the sale to the Lewises, the only duty of the owners of the subject premises under the terms of the sale is to complete their contract with Rochester Standard Brewing Company, Inc. They are then entitled to obtain a release of the mortgage. The validity of the sale and the consent by the trustees will be the subject of a plenary trial pursuant to the determination of this court on the previous appeal. The issues raised by defendant's answer generally denying plaintiffs' right to foreclose, properly should be passed upon at the trial of the foreclosure action. Since the answer is not being dismissed, but merely the first, second and third affirmative defenses, the cross claim dealing with the breach of quiet enjoyment between the Lewises and the defendant Hess by virtue of the mortgage foreclosure action, should not be severed. That portion of the order which grants plaintiffs' motion for a judgment of foreclosure should be reversed. That portion of the order which grants plaintiffs' motion dismissing defendant Hess Oil & Chemical Corporation's answer should be reversed and the answer permitted to stand except for the first, second and third affirmative defenses. That portion of the order which severs the cross claim of Hess Oil & Chemical Corporation against the Lewises should be reversed and the cross claim tried with the foreclosure action. (Appeal from order of Monroe Special Term dismissing answer.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.